Ted Luymes (Cal. Bar no. 150351)
TED LUYMES LAW FIRM
140 South Lake Ave., Suite 349
Pasadena, California 91101
Tel: (626) 993-7000
ted@tedlawfirm.com

Attorneys for Plaintiff,
MARIA CARMELA CONDE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CARMELA CONDE,<br><br>Plaintiff,<br><br>v.<br><br>OXGORD INCORPORATED, a California corporation, and DOES 2 – 10, inclusive.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **VIOLATION OF DMCA**<br>3. **STATUTORY UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200** *et seq.***)**<br><br>JURY TRIAL REQUESTED |

Plaintiff MARIA CARMELA CONDE ("CONDE" or "Plaintiff"), by and through her counsel Ted Luymes, hereby complains and alleges against Defendants OXGORD INCORPORATED ("OXGORD") and DOES 2 – 10, inclusive ("Defendants"), on personal knowledge as to his own actions and on information and belief as to the actions of others, as follows:

/ / /

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, the Digital Millenium Copyright Act, 17 U.S. Code § 512, as well as under related state law claims. This Court has jurisdiction over matters arising under the Copyright Act pursuant to 28 U.S.C. § 1331 (federal question actions) and 28 U.S.C. § 1338 (exclusive jurisdiction over copyright actions and concurrent jurisdiction over related state law claims).

2. Defendants are subject to the personal jurisdiction of this Court inasmuch as they have their principal places of business, are located in California, or have purposefully availed themselves of the privileges of doing business in California with regard to the actions alleged herein, and such jurisdiction is reasonable.

3. As further alleged below, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) for OXGORD, the California-based Defendant, under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(b)(3). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claims occurred in this District, and under 28 U.S.C. §1400(a) in that it is a copyright case.

## PARTIES

4. Plaintiff MARIA CARMELA CONDE ("CONDE" or "Plaintiff") is an individual residing in Los Angeles County, California. On information and belief, Defendant OXGORD INCORPORATED is a California corporation with its principal place of business in Los Angeles, California. On information and belief, Defendant intentionally copies, distributes and sells infringing products that are sold in this District, either through online outlets or through subsidiary retailers, distributors, or related companies.

5. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of defendant DOES 2 through 10, inclusive, or

1 any of them, and therefore sues these defendant, and each of them, by fictitious
2 names. Plaintiff will seek leave of this court to amend this complaint when the
3 status and identities of these defendant are ascertained.

4 6. Plaintiff is informed and believes, and on that basis alleges, that at all
5 relevant times mentioned in this Complaint, Defendants were acting in concert
6 and active participation with each other in committing the wrongful acts alleged
7 herein, and were agents of each other and were acting within the scope and
8 authority of that agency and with knowledge, consent and approval of one
9 another.

## GENERAL ALLEGATIONS

11 7. Plaintiff is an online merchant of kitchen wares and other goods. In 2015,
12 Plaintiff set about to create a new and unique box design for what it calls the
13 "Golden Chef Collection" of brightly-colored kitchen knives (the "GCC
14 Product"). Plaintiff commissioned the original graphic art for the box packaging
15 of the GCC Product. Plaintiff personally authored the unique product description
16 inside the GCC Product packaging, as well.

17 8. Plaintiff secured an assignment of rights from the graphic artist she
18 commissioned to create the GCC Product's box design. Plaintiff duly registered
19 the copyright to the GCC Product graphics in the U.S. Copyright Office (Reg. no.
20 VA0002024773) and earlier registered the GCC Product graphics through
21 *www.copyrightregistrationservice.com.*

22 9. In October 2015, Plaintiff, through her third-party seller account on
23 Amazon.com, created the following listing:
24 ASIN: B0175UMYVA Golden Chef Collection 8 Pieces Stainless Steel Non
25 Stick Blades Kitchen Knife Set with Ceramic Peeler Gift Box ("the Listing")

26 10. The Listing attracted considerable attention and has generated substantial
27 sales of the GCC Product due, in large part, to the colorful and unique packaging
28 and descriptive language.

11. In or about May 2016, Oxgord (which, on information and belief, does business on Amazon.com as a third-party seller using the name "WonLane") began selling on Amazon.com an 8-piece knife set from the following listing: ASIN: B01G45UYQY OxGord Professional Chef Knives, Multi Use 8pc Gift Set for Home Kitchen - Stainless Steel Commercial Grade Non-Stick Blades - 2016 Newly Designed Model (the "Oxgord Product").

12. The Oxgord Product featured a box that copied exactly Plaintiff's unique packaging and descriptive language. The only difference was that Oxgord swapped its own name and logo where Golden Chef's name and logo appeared. Below are true and correct photos of the GCC Product (left) next to the infringing Oxgord Product (right).

13. Based upon information and belief, Oxgord deliberately, intentionally, and knowingly sought to copy the GCC Product exactly. In fact, Oxgord did not feature its infringing box on its Amazon.com listing, its eBay.com listing, or on its website, *oxgord.com*. Rather, the online presence only showed the contents of the box. In this way, Oxgord intended to conceal its infringement from Plaintiff.

14. On or about June 21, 2016, Plaintiff ordered a test buy of the Oxgord Product through Amazon.com. When the package arrived on June 23, 2016, Plaintiff first became aware of Oxgord's infringing conduct. On or about June 23, 2016, Plaintiff notified Oxgord through Amazon's messaging system and through the contacts page on Oxgord's website, *www.oxgord.com/contacts*, that Oxgord's box design infringed her copyright. Plaintiff also sent sent a separate email addressed to *sales@oxgord.com* and *customerservice@oxgord.com* notifying Oxgord of its illegal infringement. Oxgord ignored Plaintiff's messages and emails. It continued to sell its infringing Oxgord Product on Amazon.com, eBay.com, and other ecommerce platforms. On information and belief, Oxgord also sold and distributed the Oxgord Product to other retailers, who began selling the product on their own websites and numerous ecommerce platforms. Oxgord

1 did all of this before and after it became aware of Plaintiff's copyrights.

2 15. Plaintiff acted diligently to protect her copyrighted material. Consistent with the Digital Millenium Copyright Act ("DMCA") Plaintiff filed several reports of copyright infringement on Amazon.com's portal to report infringement of intellectual property. On January 15, 2017, Amazon finally suspended (removed access to) the listing for the Oxgord Product (ASIN: B01G45UYQY). However, other third-party sellers affiliated with, or supplied by, Oxgord continued to sell the Oxgord Product on other Amazon.com listings.

16. On information and belief, Oxgord filed with Amazon.com a DMCA Counter-notice, pursuant to 17 U.S. Code § 512(f), for the purpose of compelling Amazon.com to restore its listing. As part of its DMCA Counter-notice, Oxgord represented that "the material [the infringing Oxgord Package] . . . was removed or disabled by mistake or misidentification." At the time it made this representation to Amazon.com, Oxgord knew or reasonably should have known that its packaging infringed on Plaintiff's copyrights. Oxgord knew, or should have known, that its product had been removed due to a legitimate claim of copyright infringement and not by "mistake or misidentification." Oxgord made the misrepresentation with the intent that Amazon.com would rely on it and restore the listing for the infringing product.

17. Due to Oxgord's materially false DMCA Counter-Notice, Plaintiff was compelled to retain the services of an attorney to investigate and respond to Oxgord's conduct. On January 22, 2017, counsel sent a letter to Oxgord demanding that it withdraw its DMCA Counter-notice to Amazon.com and requesting that Oxgord furnish evidence that it had done so. Through its counsel, Oxgord represented that it did withdraw its DMCA-Counter-notice, but it has failed and refused to provide evidence that it did so.

18. Long after it learned of Plaintiff's intellectual property rights, Oxgord continued to manufacture, import, market, advertise, sell, and distribute the

infringing Oxgord Product on numerous online platforms. Upon information and belief, Oxgord continued to advertise and sell its infringing product on Walmart.com and eBay.com on its own behalf. Oxgord also continued to supply third-party sellers who, in turn, created their own listings for the infringing product on Amazon.com, Walmart.com, eBay.com, and many other websites and ecommerce platforms. Oxgord did so intentionally and with knowing disregard of Plaintiff's copyright.

19. On information and belief, Defendants had knowledge of the infringing conduct of one or all of each other and materially contributed to, induced or caused the infringing activity of one or all of each other.

## FIRST CAUSE OF ACTION

**(Copyright Infringement (17 U.S.C. § 501, *et seq.*) Against All Defendants)**

20. Plaintiff realleges and reincorporates paragraphs 1- 20 above, as though set forth fully herein.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Plaintiff's work through Amazon.com and the Internet.

22. Plaintiff is informed and believes and thereon alleges that Oxgord knowingly and intentionally reproduced the GCC Product without Plaintiff's permission.

23. Plaintiff is informed and believes and thereon alleges that DOES 2–10 are manufacturers, resellers, or other entities that have an ongoing relationship with Oxgord and either bought or supplied infringing Oxgord Products from Oxgord.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Plaintiff's GCC Product and by producing, distributing and/or selling infringing copies through a network of retail stores and websites.

25. Defendants' infringement has caused substantial damage to Plaintiff, in an amount to be proven at trial. Plaintiff has suffered general and special damages. Defendants have also obtained profits either directly or indirectly from its infringing activities.

26. Plaintiff is informed and believes and thereon alleges that Defendants' infringing activities have continued after Plaintiff demanded that they cease and desist, so that the infringing activities are willful, intentional and malicious.

27. Defendants' infringement irreparably harms Plaintiff and leaves her without an adequate remedy at law, so that she is entitled to an injunction to halt any further infringing activity. On information and belief, Defendants, and each of them, have vicariously or contributorily infringed Plaintiff's copyright in the GCC Product.

## SECOND CAUSE OF ACTION

**(Violation of DMCA 17 U.S.C. § 512(f), Against All Defendants)**

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20 above.

29. On information and belief, Oxgord filed with Amazon.com a DMCA Counter-notice, pursuant to 17 U.S. Code § 512(f), for the purpose of compelling Amazon.com to restore its suspended listing. As part of its DMCA Counter-notice, Oxgord represented that "the material [the infringing Oxgord Package] . . . was removed or disabled by mistake or misidentification."

30. At the time it made this representation to Amazon.com, Oxgord knew or reasonably should have known that its packaging infringed on Plaintiff's copyrights. Oxgord knew, or should have known, that its product had been removed due to a valid claim of copyright infringement and not by "mistake or misidentification." Oxgord made the misrepresentation with the intent that Amazon.com would rely on it and restore the listing for the infringing product.

31. Due to Oxgord's materially false DMCA Counter-Notice, Plaintiff was compelled to retain the services of an attorney to investigate and respond to Oxgord's conduct. On January 22, 2017, Plaintiff's counsel sent a letter to Oxgord demanding that it withdraw its DMCA Counter-notice to Amazon.com and requesting that Oxgord furnish evidence that it had done so. Through its counsel, Oxgord represented that it did withdraw its DMCA-Counter-notice, but it has failed and refused to provide evidence that it did so.

32. Plaintiff has suffered injury, including but not limited to attorney's fees, lost profits, brand damage, and lost reputation in an amount that will be proven at trial. Plaintiff is entitled to all damages, costs and attorney's fees for Defendant's materially false DMCA Counter-notice.

### THIRD CAUSE OF ACTION

**(Statutory Unfair Competition Against All Defendants –**

**Cal. Bus. & Prof. Code § 17200)**

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20 above.

34. Defendants' actions as described herein constitute unlawful, unfair or fraudulent business practices as defined in <u>Cal. Bus. & Prof. Code</u> § 17200. Plaintiff is entitled to restitution or disgorgement of all profits gained by Defendants as a result of their unfair competition. Plaintiff is further entitled to an injunction against further unfair business practices, including but not limited to the unauthorized use and replication of Plaintiff's box.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants as follows:

a. That the Court order Defendants to pay monetary damages to Plaintiff in an

amount sufficient to compensate her for all damages resulting from the unauthorized copying, distribution and sale of her work, including, but not limited to, her lost sales and the disgorgement of Defendants' profits;

b. That Defendants, their agents, and affiliates all be enjoined from selling, distributing, or manufacturing items which infringe Plaintiff's copyrights on Plaintiff's work and from any unauthorized copying of any of Plaintiff's copyrighted work;

c. That Plaintiff be awarded statutory penalties for Defendants' knowing and willful copyright infringement;

d. That the Court find Defendants' violation of Plaintiff's rights of attribution be found to be willful, wanton and oppressive so that Plaintiff is entitled to punitive damages;

e. That Plaintiff be awarded attorney's fees, costs of suit, and damages pursuant to 17 U.S.C. § 512(f);

f. That Plaintiff be awarded prejudgment interest as allowed by law; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

DATED: March 10, 2017                TED LUYMES LAW FIRM

By: _____
Ted H. Luymes
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby requests a trial by jury of all issues raised by its counterclaims which are properly triable to a jury.

DATED: March 10, 2017                TED LUYMES LAW FIRM

By: _____
Ted H. Luymes
Attorney for Plaintiff